[DOCKET NO. 4]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| RICHARD DANIEL BENOIT, | : | CIV. NO. 22-937 (RMB) |
| | : | |
| Petitioner | : | |
| v. | : | **OPINION** |
| | : | |
| | : | |
| MICHAEL J. HARRIS, | : | |
| | : | |
| Respondent | : | |

RENÉE MARIE BUMB, United States District Judge

    This matter comes before the Court upon Petitioner Richard Daniel Benoit's petition for writ of habeas corpus under 28 U.S.C. § 2241, where he purports to challenge the execution of his sentence and alleges his actual innocence of career offender status (Pet. and Petr's Mem. in Supp. of Pet., Docket No. 1); Respondent's motion to dismiss for lack of jurisdiction or failure to state a claim (Motion to Dismiss, Docket No. 4; Respondent's Brief in Supp. of Mot. to Dismiss ("Respondent's Brief"), Docket No. 4-1); and Petitioner's traverse (Traverse, Docket No. 5.) For the reasons discussed below, the Court will grant Respondent's motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

**I.     THE HABEAS PETITION**

    Petitioner seeks relief under 28 U.S.C.§ 2241(c)(3), which provides relief to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." According to Petitioner, in November 2003, he was arrested and charged by

local authorities with narcotic use and felon in possession of a firearm. (Pet., Docket No. 1 at 16.) Petitioner posted bond and was released. (*Id.*) While on bond, he committed the federal offense of carjacking and was convicted and sentenced in federal court in the Eastern District of Oklahoma, and then returned to state custody. (*Id.*) Petitioner was subsequently prosecuted by the state for "the kidnapping and assault portion of the federal carjacking." (*Id.*) He was ultimately sentenced to a consecutive 359-month term of imprisonment on state and federal convictions related to the same carjacking. (*Id.*)

For habeas relief, Petitioner argues that his state kidnapping and assault convictions were erroneously used to apply a career offender enhancement to his federal sentence. (*Id.* at 17.) Petitioner contends that the state kidnapping conviction could not be used as a prior conviction for federal sentencing purposes because it was part of the federal carjacking offense. (*Id.*, citing *United States v. Brown*, 10th Cir. 2007 and U.S.S.G. 4A1.2(a)(1)). Thus, he did not have two or more crimes of violence, and he was sentenced as a career offender in error. (*Id.*) Without the career offender enhancement, his Guidelines range would have been 97 to 121 months, whereas the U.S. Probation Department calculated a sentence of 204 months in Petitioner's presentence investigation report ("PSR"). (*Id.* at 17-18.)

Petitioner further asserts that his prior conviction for personal use of narcotics under 21 U.S.C. § 844(a) was not a serious drug offense because the maximum sentence was under one year. (*Id.* at 18.) He also argues that his conviction for felon in possession of a firearm was not a crime of violence under the career offender

guideline, U.S.S.G. § 4B1.1. (*Id.*) Because he asserts that his 204-month federal sentence was outside the correct Guidelines range, Petitioner argues that his federal sentence has been executed in an unconstitutional manner because he was sentenced incorrectly under mandatory federal sentencing Guidelines. (Pet., Docket No. 1 at 18.) He asserts jurisdiction is proper under 28 U.S.C. § 2241 because there is no other available remedy to challenge an erroneous Guidelines calculation. (*Id.*) For relief, Petitioner seeks to be resentenced to time-served and released from prison. (*Id.* at 19.)

## II.   RESPONDENT'S MOTION TO DISMISS

Respondent filed a motion to dismiss the habeas petition on two alternate grounds:  (1) lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1); and (2) failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss, Docket No. 4-1 at 3.) Respondent explains that the habeas petition relates to Petitioner's conviction and sentence imposed in the United States District Court, Eastern District of Oklahoma in Criminal Action No. 4-95.[1] (*Id.* at 4.) In that case, the Magistrate Judge recommended denial of Petitioner's previous motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, explaining that:

> the Defendant was required to face unrelated state court charges arising out of crimes he committed in Adair County, Oklahoma in January 2004. As part of a plea agreement, some of these charges were dismissed. The Defendant pled guilty to the remaining charges and received a ten-year suspended sentence. However, the Defendant was later indicted by a federal grand jury in this Court (Case No. CR-04-95-WH, the criminal case underlying these proceedings) on federal charges arising out of his Adair County crimes. As in Case No. CR-04-24-P, the Defendant entered into a plea agreement in which

---

[1] *United States v. Benoit*, Crim. No. 4-95 (E.D. Okla.), available at www.pacer.gov.

> he waived all appellate rights (including any post-conviction relief) except to challenge an upward departure from the sentencing guidelines by the sentencing judge.
>
> . . .
>
> Two counts were dismissed, and the Defendant pled guilty to the remaining two, i. e., car-jacking and possession of a firearm during the commission of a crime of violence. At sentencing, the Defendant withdrew a previously-lodged objection to the pre-sentence investigation report he had previously lodged, and the Court sentenced him squarely within the range prescribed by the federal sentencing guidelines. There was no mention of *Blakely* this time; the only enhancements applied by the Court arose out of prior convictions, and the Court specifically recognized that the federal sentencing guidelines had been rendered advisory in nature by *United States v. Booker*, 543 U.S. 220 (2005). The Defendant did, however, urge the Court to run his sentences concurrently with his sentence in Case No. CR-04-24-P, which the Court ultimately declined to do. No appeal was taken, although as noted above the Defendant did attempt almost a year later to commence a belated appeal by filing the application now being considered as a petition pursuant to 28 U.S.C. § 2255.

*Benoit v. United States*, Civil No. 06–131, 2006 WL 8445501, at *1 (E.D. Okla. June 23, 2006) (rejecting ineffectiveness claim based on trial counsel's failure to file notice of appeal), *report and recommendation adopted*, 2006 WL 8445497 (E.D. Okla. July 24, 2006), *cert. of app. denied*, 274 F. App'x 689 (10th Cir. 2008).[2]

Respondent contends that this Court lacks jurisdiction over Petitioner's § 2241 habeas challenge to his February 2005 federal sentence based on his claim of actual innocence of the career offender enhancement. (Mot. to Dismiss, Docket No. 4-1 at 5-9.) First, Respondent submits that habeas jurisdiction under 28 U.S.C. § 2241 does

---

[2] Motion to Dismiss, Docket No. 4-1 at 4-5.

not extend to sentencing claims. (Respondent's Brief, Docket No. 4-1 at 7.) Respondent acknowledges that 28 U.S.C. § 2255(e) provides a savings clause for habeas claims to be brought under § 2241 when § 2255 is "inadequate or ineffective to test the legality of [a prisoner's] detention." (*Id.*) To date, the only circumstance that has satisfied the savings clause of § 2255(e) is "where a Supreme Court decision decided after the prisoner's first § 2255 motion changes the law by narrowing the scope of the criminal statute giving rise to the prisoner's conviction." (*Id.*, citing *In re Dorsainvil*, 119 F.3d 245, 248 (3d Cir. 1997)). Because the central inquiry under *Dorsainvil* is whether an intervening Supreme Court case made prior criminal conduct noncriminal, "issues that might arise regarding sentencing d[o] not make § 2255 inadequate or ineffective." (*Id.* at 7-8, citing *Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 103 (3d Cir. 2017.)) Further, the Third Circuit has "never applied *Dorsainvil* to issues that ... arise regarding sentencing." (*Id.* at 8, citing *Davis v. Warden Allenwood FCI*, 818 F. App'x 147, 149 (3d Cir. 2020) (cleaned up), *cert. denied sub nom. Davis v. Quay*, 141 S. Ct. 2658 (2021)).

Respondent contends that this Court lacks jurisdiction under § 2241 because Petitioner does not allege actual innocence of the statute of conviction nor does he invoke an intervening Supreme Court decision that was unavailable to him at the time of his first § 2255 motion. Instead, putting aside the appellate waiver in Petitioner's plea agreement, Petitioner has set forth a routine sentencing claim that he could have raised on direct appeal. (Respondent's Brief, Docket No. 4-1 at 8.)

As an alternative basis for dismissal of the habeas petition under Federal Rule of Civil Procedure 12(b)(6), Respondent asserts that the habeas petition fails to state a claim for relief because challenges to sentences imposed under the advisory Guidelines are not cognizable on collateral attack. (*Id.* at 9-12.) The Supreme Court has recognized only two circumstances where § 2255 could provide a remedy for a nonconstitutional claim: (1) where "a sentencing error resulted in 'an omission inconsistent with the rudimentary demands of fair procedure"; and (2) where the error "constitutes a fundamental defect which inherently results in a complete miscarriage of justice." (*Id.* at 10, quoting *United States v. Folk*, 954 F.3d 597, 602 (3d Cir. 2020)). The Third Circuit held that misapplication of the career offender guideline under advisory sentencing guidelines does not meet this standard. (*Id.*)

Respondent submits the same rule should apply to similar habeas claims raised under § 2241, because the language in § 2241 is virtually identical to the text of § 2255(a) interpreted by the Third Circuit in *Folk*. (*Id.* at 11, citing *Valentine v. United States*, 818 F. App'x 156, 159 (3d Cir. 2020), *cert. denied*, 141 S. Ct. 1249 (2021); *accord Perry v. Williams*, No. 19–1233, 2021 WL 3163597, at *1 (7th Cir. May 18, 2021) (invoking Seventh Circuit's analogue to *Folk* to hold, in a § 2241 case, "that a challenge to the calculation of an advisory Guidelines range is not cognizable on collateral review"); *Smith v. Butler*, No. 19-5536, 2019 WL 12536596, at *2 (6h Cir. Sept. 25, 2019) (same).)" Respondent maintains that Petitioner was sentenced after *Booker*[3] made the sentencing guidelines advisory. (*Id.* at 12, citing *United States v.*

---

[3] *United States v. Booker*, 543 U.S. 220, 249-58 (Jan. 12, 2005).

*Benoit*, E.D. Okla. Crim. No. 04–95 (Feb. 7, 2005 text entry). Therefore, Respondent submits that Petitioner fails to state a claim under 28 U.S.C. § 2241.

### III. PETITIONER'S TRAVERSE

In opposition to Respondent's motion to dismiss, Petitioner argues that he is challenging the execution of his sentence, not the conviction or sentence itself. (Traverse, Docket No. 5 at 2.) Further, Petitioner argues that because sentencing guidelines issues may not be litigated under 28 U.S.C. § 2255, the statute provides an inadequate or ineffective remedy, and he must bring his claims under § 2241. (*Id.*) Petitioner contends that because he is serving a sentence outside the maximum property calculated Guidelines range, he may bring his claim under § 2241. (*Id.*, citing *Bryant v. Warden*, 11th Cir. 2012.)[4] To clarify his position, Petitioner asserts that his claim is properly brought because "he is actually innocent of a sentence greater than he should have to serve. Thus, the execution of his sentence is unconstitutional." (*Id.* at 3.) Petitioner maintains that an attack on the calculation of his Guidelines range is not an attack on his sentence or conviction. (*Id.*)

### IV. LEGAL STANDARD

"A district court entertaining a Rule 12(b)(1) motion to dismiss … must first ascertain whether it 'presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed.'" *Long*

---

[4] This Court assumes that Petitioner refers to *Bryant v. Warden, FCC-Coleman Medium*, 738 F.3d 1253 (11th Cir. 2013), where the Eleventh Circuit Court of Appeals held that the savings clause of 28 U.S.C. § 2255 reached the petitioner's sentencing claim. *Bryant*, however, was subsequently overruled by *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1099 (11th Cir. 2017).

*v. Se. Pennsylvania Transportation Auth.*, 903 F.3d 312, 320 (3d Cir. 2018) (quoting *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012); *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). When there is a facial attack on a claim, a district court "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *In re Schering Plough*, 678 F.3d at 243 (quoting *Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). On the other hand, if the defendant contests the truth of the jurisdictional allegations, there is a factual attack and the district court must hold a plenary trial to resolve any material factual disputes. *Long*, 903 F.3d at 320 (citing *Constitution Party of Pa.*, 757 F.3d at 357); *Schuchardt v. President of the U.S.*, 839 F.3d 336, 343 (3d Cir. 2016)).

## V.     ANALYSIS

In his habeas petition and his attached memorandum of law in support of his petition, Petitioner references his 2005 federal conviction and sentence in the Eastern District of Oklahoma and related state court conviction and sentence. Therefore, this Court may consider those proceedings, in the light most favorable to Petitioner, to determine Respondent's facial attack on jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Petitioner alleges his actual innocence of career offender status and maintains that he is challenging only the execution of his sentence, not the sentence itself. In the Third Circuit, for a federal prisoner "to challenge the execution of his sentence under § 2241, [he] would need to allege that" the execution of his sentence "was somehow inconsistent with a command or recommendation in the

sentencing judgment." *Cardona v. Bledsoe*, 681 F.3d 533, 537 (3d Cir. 2012). That is not what Petitioner alleges here, although he attempts to frame it as such. Petitioner does not challenge the Bureau of Prison's execution of the sentence that was imposed by Petitioner's sentencing court; rather, Petitioner challenges his federal sentencing court's imposition of his sentence in reliance on an alleged erroneous Guidelines calculation in his PSR.

"[A] federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under § 2255." *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017). Thus, "a federal prisoner may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" *Bruce*, 868 F.3d at 178 (quoting § 2255(e)) (additional citations omitted). Congress added significant limitations to § 2255 by amendment in 1996, although the saving clause remained intact. *Id.* at 178-79. One of those limitations is that "a federal prisoner may only file a second or successive motion under § 2255 on the basis of 'newly discovered evidence' or a 'new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Id.* (quoting § 2255(h)). Because Congress omitted to provide an exception for new rules of statutory interpretation that are retroactive on collateral review, the Third Circuit held that

> in the unusual situation where an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review, he may seek another round of post-conviction review under § 2241.

9

*Bruce*, 868 F.3d at 179 (quoting *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).

Petitioner brought a § 2255 motion in the Eastern District of Oklahoma,[5] and now seeks to challenge his sentence on grounds that he could have raised earlier on direct appeal. Such claims do not fit within the saving clause of § 2255(e). *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) ("We do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255") (quoting *In re Dorsainvil*, 119 F.3d at 251); *see e.g., Francis v. Smith*, 165 F. App'x 199, 200-01 (3d Cir. 2006) (affirming dismissal of § 2241 petition on jurisdictional grounds where petitioner failed to raise a claim of Guidelines calculation error on direct appeal and could not show that his failure to raise the claim previously was due to a limitation in scope or procedure of § 2255); *Arrington v. Bledsoe*, 497 F. App'x 176, (3d Cir. 2012) (nonprecedential) (where petitioner had an opportunity to challenge his sentence based on a Sentencing Guidelines error, the claim could not be raised under the savings clause of § 2255 or as a challenge to the execution of his sentence). Therefore, this Court lacks jurisdiction over the petition under § 2241. *See also Davis*, 818 F. App'x at 149 n. 5 (nonprecedential) ("we have never applied *Dorsainvil* to 'issues that ... arise regarding sentencing'" (quoting *Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 103 (3d Cir. 2017). While this Court could transfer the petition, pursuant to 28 U.S.C. § 1631, to

---

[5] *Benoit*, 2006 WL 8445501 (E.D. Okla. June 23, 2006), *report and recommendation adopted*, 2006 WL 8445497 (E.D. Okla. July 24, 2006), *cert. of app. denied*, 274 F. App'x 689 (10th Cir. 2008).

the Tenth Circuit Court of Appeals for consideration as a second or successive § 2255 motion under § 2255(h), it is not in the interest of justice to do so because Petitioner does not rely on newly discovered evidence or a new rule of constitutional law for relief.

## VI. REQUEST FOR EVIDENTIARY HEARING

Because this Court can determine Respondent's facial attack on § 2241 jurisdiction without the need to decide any disputed factual allegations, there is no basis for an evidentiary hearing.

## VII. CONCLUSION

For the reasons discussed above, this Court will grant Respondent's motion to dismiss the habeas petition under 28 U.S.C. § 2241 for lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). This Court need not address Respondent's alternative argument that the habeas petition fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).

An appropriate Order follows.

**DATE:  October 20, 2022**

                              s/Renée Marie Bumb
                              **RENÉE MARIE BUMB**
                              **United States District Judge**